**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124008

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Barbera, <br><br> Plaintiff, <br><br> v. <br><br> Dua Lipa, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Robert Barbera ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Dua Lipa ("*Defendant*") states and alleges as follows:

### **INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name

of "dualipa" on Instagram (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Robert Barbera is an individual who is a citizen of the State of New York and maintains a principal place of business at 98 Suffolk Street, Apt. 41, Manhattan in New York City, New York.

6. Upon information and belief, Defendant Dua Lipa, is an individual who is a citizen of the State of California and who resides at 3612 Woodhill Canyon Road, Studio City in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Dua Lipa because she is domiciled in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Dua Lipa resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff by way of counsel attempted to resolve this matter with counsel for Defendant. However, after Plaintiff provided Defendant with a draft Complaint, communication slowed and eventually stopped.

11. Upon being informed of the infringement, Defendant removed the infringing post from their account.

12. Plaintiff emailed Defendant multiple times to give them notice that this claim was going to be filed. Plaintiff received no response and as such has been forced by the Defendant to request the Court's assistance in adjudicating this matter.

13. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which he licenses to online and print publications.

14. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. The Account is associated with Defendant.

18. Defendant has exclusive access to post content on Defendant's Account.

19. Defendant uses the Account to advertise her musical works and brand as well as promote her business interests whereby Defendant financially benefits.

20. On July 26, 2018, Plaintiff authored several photographs of songstress Dua Lipa ("*Photograph 1-2*"). Copies of each individual Photograph (hereinafter collectively "*Photographs*") are attached hereto collectively as Exhibit 1.

21. Plaintiff applied to the USCO to register the Photographs on or about June 18, 2019 under Application No. 1-7801152193.

22. The Photographs were registered by the USCO on June 18, 2019 under Registration No. VA 2-162-626.

23. On June 19, 2019, Plaintiff observed the Photographs on the Account in a post dated July 26, 2018. Copies of the screengrabs of the Account including the Photographs are attached hereto collectively as Exhibit 2.

24. Copies of the Photographs were displayed on Defendant's Instagram Account at www.instagram.com at URL: https://www.instagram.com/p/BltZMIqlc74/ (*Exhibit 2-Infringement #1-2*).

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected Photographs as are set forth in Exhibit "1" on the Account.

26. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

27. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

28. Each Infringement is an exact copy of the entirety of Plaintiff's original images that were directly copied and stored by Defendant on the Account.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

30. Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

31. Upon information and belief, Defendant engaged in the

Infringements knowingly and in violation of applicable United States Copyright Laws.

32. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

33. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

34. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in the revenues generated via Defendant's promotional events and the sale of Defendant's musical works.

35. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the

Copyrights to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright

interest in the Photographs by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 20, 2022

**SANDERS LAW GROUP**

By:  /s/ Craig B. Sanders
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124008
*Attorneys for Plaintiff*